# CIRCUIT COURT OF AMHERST COUNTY

Coleman-Adams
Construction, Inc.

v.

Mills Heating
and Air Conditioning, Inc.

Case No. CL12008486-00

Mills Heating
and Air Conditioning, Inc.

v.

Coleman-Adams
Construction, Inc.

Case No. CL14009261-00

June 16, 2016

By Judge J. Michael Gamble

I am writing to rule on the Plea in Bar of Coleman-Adams Construction, Inc. ("Coleman-Adams") and the Motion for Summary Judgment of Mills Heating & Air Conditioning, Inc., ("Mills"). In this regard, I sustain the Plea in Bar of Coleman-Adams, and I overrule the Motion for Summary Judgment of Mills.

This case arises out of a 2010 subcontract agreement between Coleman-Adams and Mills wherein Mills was to provide specified heating and air-conditioning systems, and related materials and labor, to Buildings 8 and 12 at the Central Virginia Training Center (CVTC) in Amherst County. Coleman-Adams was the general contractor for the Commonwealth of Virginia on the project to perform the construction on Buildings 8 and 12 at CVTC. On January 4, 2010, Coleman-Adams and Mills entered into

the written subcontract titled "Purchase Requisition/Order." Under this subcontract, Mills was to be paid a total of $640,788 for this work.

The subcontract incorporated Attachment A, "Purchase Order Specifications Addendum." Paragraph 15 of Attachment A stated in part:

> Subcontractor, to the extent of work performed by the subcontractor or its sub-contractors, agrees to be bound by the terms of the contract documents between Coleman-Adams Construction, Inc., and the owner of the project. . . . Furthermore, subcontractor is required to give Coleman-Adams Construction, Inc., notice of any claim, as is defined in said contract documents, within the time periods set forth therein. . . .

Paragraph 47 of the Project Manual, incorporated into the contract between Coleman-Adams and the Commonwealth of Virginia, provides in part:

> Contractual claims, whether for money or other relief, shall be submitted, in writing, no later than sixty (60) days after final payment; however, written notice of the Contractor's intention to file such claim must be given at the time of the occurrence or beginning of the Work upon which the claim is based. . . .

A dispute arose between Coleman-Adams and Mills concerning Pay Applications 10, 11, 12, 14, and 15 for a total of $246,988.97, two change orders, $12,310 for piping work, and $60,000 for demolition work. Coleman-Adams denies that it is obligated to Mills for any of these claims.

Coleman-Adams maintains that (1) Mills has failed to submit a claim within sixty days of the final payment and (2) failed to provide notice of intention to file claims given either at the time of the occurrence or at the beginning of the work on which the claim is based. Mills maintains that the subcontract between Mills and Coleman Adams does not require (1) notice of intention to file any claims; (2) does not require that claims be filed within any period of time; (3) does not have adequate definitions of "notice of claim," "claim," or "notice"; and that ambiguities must be construed against Coleman-Adams, the author of the contract. Mills also maintains that it gave adequate written notice of the claims to Coleman-Adams.

The plea in bar of Coleman-Adams is based on the decision of the Supreme Court of Virginia in *Commonwealth v. AMEX Civil, L.L.C.*, 280 Va. 396, 699 S.E.2d 499 (2010). In *AMEX*, the court considered a case arising from a contract with the Virginia Department of Transportation (VDOT) to build a bridge over the Kerr Reservoir. AMEX Civil, L.L.C., the general contractor, filed administrative claims with VDOT based upon various weather and construction issues it encountered. After VDOT denied

the claims, AMEX Civil, L.L.C., filed a breach of contract action in circuit court.

The Commonwealth of Virginia and VDOT maintained that AMEX Civil, L.L.C., could not recover any damages because it had not complied with the notice requirements of the contractual specifications, and the statute upon which the notice requirements were based. Under the contract specifications (based on Va. Code § 33.1-386), the contractor was required to file "a written statement describing the act of omission or commission by [VDOT] . . . that allegedly caused damage to the Contractor and the nature of the claimed damage . . . at the time of the occurrence or beginning of the work upon which the claim [is] . . . based. . . . *AMEX Civil, L.L.C.,* 280 Va. at 405, 699 S.E.2d at 504. The trial court found that actual written notice of a claim by the contractor was sufficient to satisfy the notice requirements of the contract specification notwithstanding the argument of the Commonwealth and VDOT that the requirements of the specification and statute had not been met. The Court of Appeals reversed the trial court and held that the contractor had not given the written notice required by the statute. *Commonwealth v. AMEX Civil, L.L.C.,* 54 Va. App. 240, 252-60, 677 S.E.2d 633, 639-42 (2009).

The Supreme Court affirmed the ruling of the Court of Appeals. The Supreme noted it had previously held that statutory requirements must be "strictly construed." *Specialty Ins. Co. v. Commonwealth,* 269 Va. 362, 371, 611 S.E. 2d 356, 361 (2005); *see also Carnell Constr. Corp. v. Danville Redevel. & Hous. Auth.,* 745 F.3d 703, 722 (4th Cir. 2014). The Supreme Court further held that that actual notice cannot satisfy the requirements of the statute and only written notice that complies with the statute is satisfactory. *AMEC Civil, L.L.C.,* 280 Va. at 407-08, 699 S.E.2d at 506. The Supreme Court decision in *AMEX* has been applied to the notice provisions in a contract between a contractor and subcontractor in *SBC-Lavalin Am., Inc. v. Alliant Techsystems, Inc.,* 2011 U.S. Dist. LEXIS 118312 (W.D. Va. 2011). In *SBC-Lavalin,* the court rejected the plaintiff's argument that actual notice is sufficient, and held that the fifteen days written notice requirement of the contract must be strictly followed. *Id.*

In *AMEX,* the Supreme Court held that the actual written notice must be a "document delivered to VDOT clearly stating the contractor's intention to file a claim." Specifically, the court stated:

> At a minimum, to satisfy the written notice requirement, the written document at issue must clearly give notice of the contractor's intent to file its claim and must be given to [VDOT] by letter or equivalent communication. . . .

*AMEX Civil, L.L.C.,* 280 Va. at 408, 699 S.E.2d at 506.

In the instant case Mills has failed to comply with both notice requirements of paragraph 47 of the Project Manual. First, it has not

submitted any claim in writing to Coleman-Adams within sixty days of final payment as required by paragraph 47 of Project Manual. The evidence established that the final payment to Mills was on July 11, 2011, and that the final payment from the Commonwealth to Coleman-Adams was on March 29 2013. I have reviewed the eighteen letters by counsel for Mills admitted as part of Plaintiff's Exhibit 1A on April 19, 2016. I have also examined the three emails and various applications for payment set forth in the same exhibit. None of these documents makes a claim in writing within sixty days of either final payment. Most of the attorney letters are either analysis of the claims or efforts at compromise. The closest letter to a claim is the letter of March 12, 2012, making a claim on the contractor's bond. However, this claim is neither made to Coleman-Adams nor within sixty days of either final payment.

Likewise, none of the documents in Exhibit 1A is a claim made by Mills to Coleman-Adams "at the time of the occurrence or beginning of the Work upon which the claim is based" as also required by paragraph 47 of the Project Manual. As the Supreme stated in *AMEX*, the written claim document "must clearly give notice of the contractor's intent to file its claim. *AMEX Civil, L.L.C.*, 280 Va. at 408, 699 S.E.2d at 506.

As noted above, Mills argues that the contract does not require notice of intention to file claims, does not require that claims be filed during any period of time, does not have definitions that define "notice" or "claim." Mills also argues that the contract is ambiguous.

The subcontract was made a part of pleadings pursuant to the order dated July 1, 2015, granting the motions to crave oyer by both parties. The contract is a standard "flow down" incorporation of notice provisions. See *Omni Alarm Sys. v. MCI Elec. Co.*, 58 Va. Cir. 264, 269-70, and *Steadfast Ins. Co. v. Brodie Contrs.*, 2008 U.S. Dist. LEXIS 88448 ("Virginia Courts recognize flow down relationships between prime contracts to the subcontracts"). Paragraph 47 of the Project Manual is specifically and clearly made a part of the subcontract by paragraph 15 of Attachment A of the subcontract. Also, paragraph 47 sets forth with specificity the types of claims and notice of claims that must be filed by the subcontractor, and it clearly defines the time limits within which these claims and notices must be made. There is simply no ambiguity in either Attachment A to the subcontract or paragraph 47 of the Project Manual.

Mills also argues that the various documents set forth in Exhibit 1A provide the notice required by paragraph 47. While these documents may have provided actual notice, actual notice is not sufficient, as the Supreme Court held in *AMEX*. Further, the time limits set for in paragraph 47 have not been met.

Accordingly, the plea in bar to the complaint of Mills is granted, and the complaint is dismissed. The Mills motion for summary judgment is denied.